UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE COATES,

    Plaintiff,

v.                                   Case No. 23-10317

AT&T,                           Sean F. Cox
                                           United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff filed this suit against his former employer, asserting claims under the Americans with Disabilities Act and claims under the Family Medical Leave Act.  He may also be seeking to assert a race discrimination claim, although no such claim was included in his complaint.  The matter is currently before the Court on Defendant's summary judgment motion.  The Court concludes that a hearing is not necessary and shall rule on the brief.  Local Rule 7.1.  For the reasons that follow, the Court GRANTS Defendant's summary judgment motion and shall dismiss this action.

**BACKGROUND**

**A.**     **Procedural Background**

Acting *pro se*, and proceeding *in forma pauperis*, Plaintiff Dwayne Coates ("Plaintiff") filed this employment discrimination action against Defendant AT&T ("Defendant") on February 7, 2023.  The action was filed in federal court based upon federal-question jurisdiction.  Plaintiff's complaint alleges that Defendant violated the Americans With Disabilities Act

1

("ADA") by failing to accommodate his disability and retaliating against him in violation of the Family Medical Leave Act ("FMLA"). Plaintiff's Complaint states that the alleged discriminatory acts occurred on April 8, 2019. (ECF No 1 at PageID.5).

Plaintiff attached one "Right to Sue" Letter from the U.S. Employment Opportunity Commission to his Complaint. (ECF No. 1 at PageID.12). That letter states that it was issued on November 28, 2022, that it relates to EEOC Charge No. 471-2020-04292, and that Plaintiff had to file a lawsuit within 90 days of the letter.

This Court's practice guidelines and Scheduling Order provide, consistent with Fed. R. Civ. P. 56 © and (e), the following as to summary judgment motions:

> a. The moving party's papers shall include a separate document entitled Statement of Material Facts Not in Dispute. The statement shall list in separately numbered paragraphs concise statements of each undisputed material fact, supported by appropriate citations to the record. . .
>
> b. In response, the opposing party shall file a separate document entitled Counter-Statement of Disputed Facts. The counter-statement shall list in separately numbered paragraphs following the order or the movant's statement, whether each of the facts asserted by the moving party is admitted or denied and shall also be supported by appropriate citations to the record. The Counter-Statement shall also include, in a separate section, a list of each issue of material fact as to which it is contended there is a genuine issue for trial.
>
> c. All material facts as set forth in the Statement of Material Facts Not in Dispute shall be deemed admitted unless controverted in the Counter-Statement of Disputed Facts.

(Scheduling Order at 2-3).

Following the close of discovery, Defendant filed a summary judgment motion. In compliance with the Court's practice guidelines, it filed a "Statement Of Material Facts Not In Dispute" (ECF No. 27-1) ("Def.'s Stmt.").

After Plaintiff failed to file any response to the summary judgment within the time

permitted under the applicable rules, this Court issued an order requiring Plaintiff to show cause, in writing, why the unopposed motion should not be granted. That prompted Plaintiff to seek an extension for filing a response, which this Court granted.

Plaintiff finally filed a response to the motion on March 25, 2024. He did not, however, comply with the Court's practice guidelines or dispute any of the statements made in Defendant's Statement of Material Facts Not In Dispute, nor did Plaintiff submit *any evidence for the Court to consider*, or address Defendant's legal arguments.

**B.      Relevant Evidence**

The following relevant evidence, submitted by Defendant, is undisputed.

Plaintiff was hired with AT&T as a premises technician in January of 2014. (Pl.'s Dep. at 22). Plaintiff worked in the field operations organization in Southfield, Michigan and reported to Michael Cowell. (Pl.'s Dep. at 22). As a premises technician, Plaintiff was responsible for installing and repairing equipment. (*Id*. at 23). He was also responsible for making necessary connections to provide voice, data, and video services to AT&T customers. (*Id*.).

In 2018, Plaintiff requested a leave of absence as a job accommodation for his mental health. (Pl.'s Dep. at 125). Plaintiff submitted documentation to the company's Integrated Disability Service Center ("IDSC") in support of his requested leave. (Def.'s Ex. 2). The IDSC is run by a third-party vendor, Sedgwick, and processes employees leave of absence and job accommodation requests. In the documents provided to the IDSC, Plaintiff's medical provider noted that Plaintiff required one day of leave per week for treatment and provided specific dates where Plaintiff received treatment for the duration of his leave. (*Id*.).

Based on that documentation, the IDSC approved Plaintiff's leave of absence request for the dates his medical provider listed. (Def.'s Exhibit 3).

The last date Plaintiff performed any work for AT&T was April 8, 2019. (Pl.'s Dep. at 33). A few days later, Plaintiff requested short-term disability benefits. (Def.'s Ex. 4). Plaintiff's request for short-term disability benefits was denied because his medical documentation did not support an impairment in functionality that would prevent Plaintiff from preforming the essential duties of his job. (Def.'s Ex. 5).

Because Plaintiff's disability benefits were denied, he was required to return to work. When Plaintiff failed to report back to work by Aug. 1, 2020, AT&T sent Plaintiff a letter requesting that he return to work. (Def.'s Ex. 6). That letter advised that if Plaintiff did not return to work by August 19, 2020, the company would deem him to have abandoned his job and treat it as a voluntary resignation. (*Id.*).

When Plaintiff failed to report to duty after that letter, on August 21, 2020, Defendant sent Plaintiff a second letter requesting that Plaintiff return to work. (Def.'s Ex. 7).

Nevertheless, Plaintiff did not return to work at any point after April of 2019. (Def.'s Stmt. at 14; Pl.'s Dep. at 144).

On Aug. 25, 2020, Plaintiff sent his manager an email requesting a "reasonable accommodation" for his "disability." (Def.'s Ex. 8). In less than 24 hours, Plaintiff's manager responded by giving Plaintiff the contact information for the IDSC where Plaintiff could formally make his request and notifying him that he needed to return to work if he did not make that request. (Def.'s Ex. 8). But Plaintiff did not make a request for a job accommodation at that time. (Pl.'s Dep. at 125).

In March of 2021, AT&T again reached out to Plaintiff, twice requesting that he return to work. (Def.'s Ex. 9, March 2021 Letters).

On April 6, 2021, AT&T deemed Plaintiff's employment terminated for job abandonment. (Def.'s Ex. 10, Pl.'s Service Record).

The record reflects that Plaintiff filed only two charges with the EEOC relating to Defendant.

On April 16, 2019, after Plaintiff's final date worked, he filed a charge with the Equal Employment Opportunity Commission ("EEOC") (Charge No. 471-2019-02061). (Def.'s Ex. 11). In that charge, Plaintiff asserted that he was subject to disability discrimination, in violation of the ADA. On May 20, 2019, Plaintiff received a Notice of Right to Sue from the EEOC regarding that charge, stating that Plaintiff had 90 days to file suit. (Def.'s Ex. 12).

Plaintiff filed a second charge with the EEOC on September 25, 2020 (Charge No. 471-2020-04292). (Def.'s Ex. 13, 2020 Charge). In that charge, Plaintiff asserted that he was subject to disability discrimination, and retaliation, in violation of the ADA. (*Id.*). That Charge does not reference race discrimination or reference the FMLA. In this September 25, 2020 Charge, Plaintiff alleged adverse actions that occurred back on February 7, 2019, March 8, 2019, and April 9, 2019. Plaintiff received a Notice of Right to Sue from the EEOC regarding that charge on November 28, 2022, stating he had 90 days to file suit.

Plaintiff filed this lawsuit on February 7, 2023.

Plaintiff did not file another charge with the EEOC at any time after his April 6, 2021 termination from employment. (Pl.'s Dep. at 109-10).

**STANDARD OF DECISION**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Peffer v. Stephens*, 880 F.3d 256, 262 (6th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

As the party bringing the summary judgment motion, AT&T "has the initial burden of informing the district court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts." *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003) (citation omitted). "In response, the nonmoving party must present 'significant probative evidence' that will reveal that there is more than 'some metaphysical doubt as to the material facts.' " *Miller v. Maddox*, 866 F.3d 386, 389 (6th Cir. 2017) (quoting *Moore v. Philip Morris Cos.*, 8 F.3d 335, 340 (6th Cir. 1993)).

**ANALYSIS**

In the pending motion, Defendant seeks summary judgment in its favor as to all claims asserted by Plaintiff in this action.

**I.     ADA Claims**

Defendant seeks summary judgment in its favor as to Plaintiff's ADA claims. It challenges those claims on two grounds: 1) that Plaintiff failed to timely file suit to pursue his ADA claims; and 2) that Plaintiff cannot support his ADA claims with evidence. As to its timeliness argument, Defendant asserts that Plaintiff's 2020 Charge cannot revive his untimely claims based upon events that occurred in 2019, outside of the permissible 300-day window.

6

(Def.'s Br. at 11). Defendant also asserts the ADA claims fail on the merits because the undisputed evidence shows that Plaintiff's request for an accommodation was granted and because Plaintiff cannot present evidence to establish a prima facie case of disability discrimination.

Plaintiff's response brief does not dispute that he failed to timely file this suit or address Defendant's timeliness argument. Rather, he appears to concede that he failed to timely file suit. (Pl.'s Br. at 1) (Explaining that he has his "cons and that's being on time . . ." and "I wasn't on time" in terms of "filing with the courts").

Plaintiff's brief also fails to address the merits of his ADA claim. In response to Defendant's properly-supported motion, Plaintiff has not directed the Court to any evidence from which he could establish a prima face case of disability discrimination. Defendant is entitled to summary judgment as to Plaintiff's ADA claim.

### III. FMLA Retaliation Claim

Defendant also seeks summary judgment in its favor as to Plaintiff's claim that Defendant retaliated against him in violation of the FMLA. It challenges that claim on two grounds: 1) that Plaintiff failed to timely file suit to pursue his FMLA claims; and 2) that Plaintiff cannot support his FMLA claims with evidence

Again, Plaintiff's response brief does not dispute that he failed to timely file this suit or address Defendant's timeliness argument. Rather, he appears to concede that he failed to timely file suit. (Pl.'s Br. at 1) (Explaining that he has his "cons and that's being on time . . ." and "I wasn't on time" in terms of "filing with the courts").

Plaintiff's brief also fails to address the merits of his FMLA retaliation claim. In

7

response to Defendant's properly-supported motion, Plaintiff has not directed the Court to any evidence from which he could establish a prima face case of retaliation in violation of the FMLA. Defendant is entitled to summary judgment.

### III. Race Discrimination Claim

Plaintiff's Complaint does not assert a race discrimination claim against Defendant. Nevertheless, perhaps because Plaintiff raised or discussed such a claim during his deposition, Defendant seeks summary judgment in its favor as to any race discrimination claim asserted in this action. It challenges any such claim on two grounds: 1) that Plaintiff failed to exhaust his administrative remedies for a race discrimination claim; and 2) that Plaintiff cannot present evidence to establish a prima facie case of race discrimination. Plaintiff's response brief does not address either challenge.

Thus, Plaintiff has not established that he exhausted any race discrimination against Defendant by virtue of having filed an EEOC charge asserting race discrimination. *See, eg.*, *Scott v. Eastman Chemical Co.*, 275 F. App'x 466, 471-72 (6th Cir. 2008) (Explaining that "[a]s a prerequisite to bringing suit under Title VII, a claimant must exhaust his or her administrative remedies," and the "purpose of the exhaustion requirement 'is to trigger an investigation, which gives notice to the alleged wrongdoer of its potential liability and enables the EEOC to initiate conciliation procedures in an attempt to avoid litigation.'").

Plaintiff's response brief states that "Race was added on because I got help from my workers com lawyer checked Race off so I let it stay because maybe he seen something that I didn't." (ECF No. 39 at PageID.422). Plaintiff does not, however, direct the Court to any evidence from which he could establish a prima facie case of race discrimination against

Defendant.

Accordingly, because Plaintiff's Complaint does not assert a race discrimination claim, and Plaintiff has not shown that he administratively exhausted such a claim, Plaintiff cannot pursue a race discrimination claim in this case. Moreover, even if he had alleged such a claim in his Complaint, Plaintiff has not directed the Court to any evidence that would allow him to establish a prima facie case of race discrimination.

## CONCLUSION & ORDER

For the reasons above, IT IS ORDERED that Defendant's summary judgment motion is GRANTED and this action is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff may not proceed *in forma pauperis* on any appeal in this matter as an appeal would not be taken in good faith.

IT IS SO ORDERED.

                                                s/Sean F. Cox
                                                Sean F. Cox
                                                United States District Judge

Dated: June 24, 2024

I hereby certify that a copy of the foregoing document was served upon counsel and/or the parties of record on June 24, 2024, by electronic and/or ordinary mail.

                                                s/J. McCoy
                                                Case Manager